**United States Bankruptcy Court**
**Eastern District of Kentucky**

In re  **James C. Fugate**
       **Edna F. Fugate**
                                       Debtor(s)

Case No. **05-53310**
Chapter **13**

# CHAPTER 13 PLAN

*Reference to "Debtor" herein shall include both Debtors in a joint case.*

**I.  PROPOSED PLAN PAYMENTS AND DURATION OF THE PLAN.**

**A.  Plan Payments.**  The Debtor submits all or such portion of Debtor's future earnings or other income as is necessary for the execution of the plan to the control of the Trustee.  11 U.S.C. § 1322(a)(1).

   1.  The Debtor shall pay to the Trustee out of Debtor's future earnings or other income (check one):

       ☒  the sum of $**730.00** each **month**.

       **OR**

       ☐  the monthly step plan payments set forth below:

| $ | from | | through | |
|---|------|---|---------|---|
| $ | from | | through | |
| $ | from | | through | |

   2.  The Debtor shall also pay to the Trustee periodic payments as follows:

| Amount of Each Payment | Frequency of Payment | Payment Due Date | Source of Periodic Payment |
|---|---|---|---|
| $**500.00** ☐ estimated or ☒ actual | **One Payment** | **Month 7 of the plan.** | |
| $**500.00** ☐ estimated or ☒ actual | **One Payment** | **Month 19 of the plan.** | |
| $**500.00** ☐ estimated or ☒ actual | **One Payment** | **Month 31 of the plan.** | |

**B.  Duration (Pool Plan Only).**  The duration of the plan shall be **55** months.  (If blank, the duration of the plan shall be sixty (60) months).

**C.  Total Amount to be Paid (Pool Plan Only).**  The Debtor shall pay a "pool" amount of $ **41,650.00** to the Trustee to complete payments under the plan (pool amount equals monthly payments times duration plus additional periodic payments).

**D.  Method of Payment.**  Plan payments shall be made to the Trustee by (check one):

   ☐  Payroll Deduction:    (specify ☐ H or ☐ W in joint case)
         Employer Name:
         Address:
         and
         Phone Number:

   **OR**

   ☒  Direct payments by the Debtor.  However, Payroll Deductions will start if the Debtor does not make payments when due.

**II.  TREATMENT OF ADMINISTRATIVE EXPENSES.**

**A.  Attorney's Fee.**  An attorney's fee for Debtor's counsel will be requested by separate application and shall be paid as allowed by the Court.  It is estimated that the amount of the attorney's fee to be paid through the plan is $**800.00**.  Unless otherwise ordered, the attorney's fee will be paid before creditors receive payments.

**B.  Trustee's Fee.**  The percentage fee payable to the Trustee shall be paid before or at the time of each payment to creditors and other claimants.

**C.    Other Administrative Expenses.**  All other expenses entitled to administrative priority under 11 U.S.C. § 507(a)(1) shall be paid before creditors are paid.

**III.    TREATMENT OF SECURED CLAIMS.**

**A.    Secured Claims To Be Paid Inside the Plan.**

1.    Unless otherwise provided in the plan or ordered by the Court, each of the following secured claims, if allowed, shall be paid inside the plan, on a pro rata basis with all other allowed secured claims, to the extent of the proposed secured value or the amount of the claim, whichever is less.  Any remaining portion of the claim shall be treated as a general unsecured claim.

| Secured Creditor | Collateral Description | Estimated Amount of Claim | Proposed Secured Value | Proposed Interest Rate* |
|---|---|---|---|---|
| **Beneficial/Hfc** | **11 Acres of Land Location: 2706 Judy Ridge Road, Cynthiana KY** | **27,252.00** | **0.00** | **0.00%** |
| **Beneficial/Hfc** | **2000 Four Seasons Mobile Home Location: 2706 Judy Ridge Road, Cynthiana KY** | **0.00** | **0.00** | **0.00%** |
| **Citimortgage Inc** | **11 Acres of Land Location: 2706 Judy Ridge Road, Cynthiana KY** | **87,147.00** | **25,000.00** | **0.00%** |
| **Citimortgage Inc** | **2000 Four Seasons Mobile Home Location: 2706 Judy Ridge Road, Cynthiana KY** | **0.00** | **0.00** | **0.00%** |
| **Wachovia Mortgage Corp** | **For notice only** | **0.00** | **0.00** | **0.00%** |

\* If blank, the interest rate shall be the contract rate.

2.    The holder of any allowed secured claim provided for by the plan shall retain a lien until the allowed secured portion of the claim is fully paid.

3.    Secured claims shall be paid after administrative claims are paid and before all other priority claims are paid.

**B.    Mortgages, Leases, and Other Debts To Be Paid Outside the Plan.**

1.    **Payments Outside the Plan by Debtor.**  The Debtor shall pay the following claims, except any prepetition arrearage, outside the plan by making payments directly to the creditors.  The claims of such creditors shall be paid pursuant to the underlying contracts.

| Secured Creditor | Collateral Description | Maturity Date of Note | Estimated Amount of Arrearages | Interest Rate on Arrearage* |
|---|---|---|---|---|
| **-NONE-** | | | | |

\* If blank, the interest rate shall be the contract rate.

2.    **Payments Outside the Plan by Third Party.**  The following claims shall be paid outside the plan by a non-filing third party making payments directly to the creditor.  The claims of such creditors shall be paid pursuant to the underlying contracts.

| Secured Creditor | Collateral Description | Name of Party to Make Payments | Relationship to Debtor |
|---|---|---|---|
| **-NONE-** | | | |

**C.    Prepetition Arrearages To Be Paid Inside the Plan.**  Unless Section VII of the Plan ("Special Provisions") specifically provides otherwise, any claim filed by a creditor for prepetition arrearages on a debt to be paid outside the plan shall be treated as a secured claim to be paid inside the plan concurrently with all other allowed secured claims.  If no interest rate is specified, interest shall be paid at the contract rate.

**D.** **Surrender of Property.** The Debtor surrenders the following property. Upon confirmation the automatic stay is terminated as to the collateral being surrendered. No distributions shall be made to the secured creditor until such time as an amended claim for the deficiency is filed by the creditor. Any allowed claim for a deficiency shall be treated as a general unsecured claim.

| Secured Creditor | Collateral Description |
|---|---|
| **Ford Cred** | **2005 FORD EXPLORER** <br> **Location: 2706 Judy Ridge Road, Cynthiana KY** |
| **Ford Cred** | **2003 FORD RANGER** <br> **Location: 2706 Judy Ridge Road, Cynthiana KY** <br> **Location: 2706 Judy Ridge Road, Cynthiana KY** |

**E.** **Avoidance of Liens under 11 U.S.C. § 522(f).** The liens of the following creditors are avoided under 11 U.S.C. § 522(f). The allowed claims of such creditors shall be treated as general unsecured claims.

| Secured Creditor | Collateral Description |
|---|---|
| **-NONE-** | |

**F.** **All Other Secured Claims.** Any creditor filing a claim as secured that is not otherwise provided for by this plan or Court order shall be treated as a claim secured to the extent of the value of the collateral set forth in the proof of claim, to be paid inside the plan with interest at the contract rate.

**G.** **Orders Granting Relief From Stay.** If at any time during the life of the plan an order terminating the automatic stay is entered, no further distributions shall be made to the secured creditor obtaining stay relief until such time as such creditor files an amended claim. Any allowed claim for a deficiency shall be treated as a general unsecured claim.

**IV.** **TREATMENT OF PRIORITY CLAIMS.**

**Priority Claims To Be Paid Inside the Plan.** The following claims are entitled to priority under 11 U.S.C. § 507 and shall be paid inside the plan in full, in deferred cash payments, after administrative claims and secured claims are paid and before unsecured non-priority claims are paid. (Claims entitled to administrative priority are paid pursuant to Section II of the plan).

| Creditor Holding Priority Claim | Description of Claim | Estimated Amount of Claim |
|---|---|---|
| **-NONE-** | | |

**V.** **TREATMENT OF UNSECURED CLAIMS.**

**A.** **Estimated Amount of Unsecured Debt (from Schedule F):** __**$52,084.36**__

**B.** **General Unsecured Claims.**

1. The claims of creditors holding allowed unsecured claims shall be paid pro-rata over the period of the plan after payment of administrative, secured and priority claims.

2. General unsecured claims shall be paid (check one):

    ☐ In full;
    **OR**
    ☐ To the extent of __ cents on the dollar ("fixed percentage plan")*;
    **OR**
    ☒ To the greatest extent possible from payments to be made by the Debtor ("pool plan").

* A fixed percentage plan shall be treated as a 36-month pool plan if unsecured creditors will receive more.

3. No interest accruing after the date of the filing of the petition shall be paid on the claims of creditors holding unsecured claims.

**C.** **Co-Signed Debts To Be Paid in Full.** The following creditors holding unsecured claims for which a non-filing debtor is also liable shall be paid in full, without interest, concurrently with other unsecured creditors.

| Creditor | Description of Claim | Co-Signer | Relationship to Debtor |
|---|---|---|---|
| **-NONE-** | | | |

### VI. REJECTION OF LEASES AND EXECUTORY CONTRACTS.

The Debtor hereby rejects the following leases and executory contracts and will surrender the leased property.

| Creditor | Description of Leased Property or Nature of Contract |
|---|---|
| -NONE- | |

### VII. SPECIAL PROVISIONS.

The Debtor proposes the following special provisions.
**Lump sum payments of $500.00 will be made in months 7, 19, 31, 43, 55.**

**Citifinancial will be paid $25,000.00 based on value of property. Beneficial is unsecured as to land and mobile home due to land value and failure to record lien on title.**

Date **October 24, 2005**    Signature /s/ James C. Fugate
                                        **James C. Fugate**
                                        Debtor

Date **October 24, 2005**    Signature /s/ Edna F. Fugate
                                        **Edna F. Fugate**
                                        Joint Debtor

Attorney /s/ Brian T. Canupp
         **Brian T. Canupp 88690**